IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW SOPRON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-08254 |
| | ) | |
| v. | ) | Hon. John F. Kness, |
| | ) | District Judge |
| SCOTT CASSIDY et al., | ) | |
| | ) | Hon. Maria Valdez, |
| Defendants. | ) | Magistrate Judge |

| | | |
|---|---|---|
| NICHOLAS MORFIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-05525 |
| | ) | |
| v. | ) | Hon. John F. Kness, |
| | ) | District Judge |
| SCOTT CASSIDY et al., | ) | |
| | ) | Hon. Maria Valdez, |
| Defendants. | ) | Magistrate Judge |

| | | |
|---|---|---|
| WAYNE ANTUSAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-00320 |
| | ) | |
| v. | ) | Hon. John F. Kness, |
| | ) | District Judge |
| SCOTT CASSIDY et al., | ) | |
| | ) | Hon. Maria Valdez, |
| Defendants. | ) | Magistrate Judge |

**PLAINTIFFS' MOTION TO QUASH
DEFENDANT'S SUBPOENAS FOR THEIR PRISON CALLS**

Plaintiffs Matthew Sopron, Nick Morfin, and Wayne Antusas, through their attorneys, respectfully move this Court for an order to quash the Defendant City's subpoenas seeking years of recorded calls between Plaintiffs and third parties. In support, Plaintiffs state as follows:

## INTRODUCTION

Plaintiffs each spent more than two decades of their formative years in prison for a crime they did not commit. They were finally exonerated based on evidence that Defendants engaged in serious misconduct that caused their wrongful convictions, and Plaintiffs brought these civil lawsuits under § 1983 to seek redress for the time that was stolen from them and the serious and lasting injuries they suffered.

Defendant City of Chicago now seeks years of recorded calls that Plaintiffs made during their wrongful incarceration. Recorded calls were one of the few ways that Plaintiffs could connect with the outside world while in prison and maintain their relationships with loved ones. Because the subpoenas amount to an unjustified and overbroad fishing expedition that invades Plaintiffs' significant privacy interests and would pose an undue burden disproportionate to any potential relevance, Plaintiffs respectfully move this Court to quash the subpoenas.

## BACKGROUND

In July 2022, Defendant City of Chicago issued subpoenas for IDOC call logs that reflect the calls Plaintiffs made during their incarceration. At the time, the City did not seek recordings of those phone calls, and Plaintiffs did not object to the request for the call logs. On April 12, 2023, the City notified Plaintiffs that it intended to serve additional subpoenas on IDOC correctional facilities for years of Plaintiffs' recorded phone calls. *See* Exs. A, B, C.[1] More specifically, the City seeks all calls made by Mr. Morfin over 40 months of his incarceration, Mr. Antusas's calls for 24 months of his incarceration, and Mr. Sopron's calls for more than 20

---

[1] The City also issued a subpoena for *all* of the recorded calls Mr. William Bigeck, a third-party witness in this case, made while he was incarcerated. Although at least some defense counsel have been in contact with Mr. Bigeck about his deposition, it is unclear whether Defendants notified Mr. Bigeck of the City's subpoena or otherwise provided him with an opportunity to object to this invasion of his privacy rights. *See* Ex. D.

2

months of his incarceration (in total, more than 7 years of calls). *Id.* Based on the call duration information in the call logs already produced, the City is seeking more than 334 hours of Mr. Antusas's recorded calls, more than 186 hours of Mr. Sopron's recorded calls, and (far) more than 376 hours of Mr. Morfin's recorded calls.[2] In total, the City seeks more than 896 hours of Plaintiffs' recorded calls. Plaintiffs objected to these expansive and intrusive subpoenas, and the parties held a telephone conference pursuant to Local Rule 37.2. *See* Ex. E.[3]

Plaintiffs object to the City's subpoenas because they seek substantial amounts of irrelevant information and are therefore overbroad, and because they invade Plaintiffs' privacy rights and impose an undue burden. During the conference, Plaintiffs explained that, to obtain Plaintiffs' calls, the City needs more than speculation that the calls will contain relevant information, and asked the City to provide information to support any assertion that the recorded calls would be relevant. *Id.* The City asserted that there "*could* be relevant information" on these call recordings, but failed to articulate with any specificity what relevant information it was seeking, let alone any basis to believe such information would be found in the recordings requested. *Id.* The City further took the position that it would not provide any information or explanation as to why the time periods identified in their subpoenas were likely to contain calls with relevant information. *Id.* Instead, the City argued that because it narrowed its subpoenas temporally to seek calls from only *some* periods of Plaintiffs' incarceration, this was sufficient to

---

[2] Plaintiffs calculated the total length of the recorded calls for the periods identified by the City in its subpoenas. *See* Exs. F-I (Plaintiffs have redacted the numbers of the call recipients before filing on the public docket). Mr. Morfin's call logs were not complete and did not contain call durations or call information for 16 of the 40+ months of incarceration identified by Defendants in their subpoena. As a result, the total recorded call time responsive to the subpoena for Mr. Morfin's calls likely far exceeds the 376 hours noted above.

[3] In addition to counsel for the City, counsel for Defendants Cassidy, Linehan, Hyland and Suffield also participated in the Rule 37.2 conference.

bring its burdensome requests within the bounds of permissible discovery. But simply seeking a subset of Plaintiffs' calls does not change the fact that the City's assertion that the calls might contain relevant information is based on pure speculation—a conclusion that is undeniable based on the City's refusal to provide any explanation for why its subpoenas seek relevant information.

**ARGUMENT**

Although the Federal Rules provide for broad discovery, it is well established that "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). These boundaries limit the scope of a subpoena just as they limit the scope of discovery generally under Rule 26. *See, e.g.*, *Colonial Funding Network, Inc. v. Genuine Boulders, Inc.*, 326 F.R.D. 206, 212 (D.S.D. 2018) (describing the permissible scope of a subpoena as similar to other discovery); *DeLeon-Reyes v. Guevara*, Case No. 1:18-cv-01028, 2020 WL 3050230, at *3 (N.D. Ill. June 8, 2020).

Under Rule 45, the Court may quash or modify a subpoena that subjects a person to "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). For purposes of this rule, a subpoena may subject a person to an undue burden if their privacy interests are implicated by the subpoena. *Jump v. Montgomery Cty.*, No. 13-3084, 2015 WL 6558851 (C.D. Ill. Oct. 29, 2015) (subpoena to a phone company for a customer's phone records posed an undue burden to the customer); *see also DeLeon*, 2020 WL 3050230, at *2 (finding that in the prison calls context, the incarcerated person has a sufficient privacy interest). "When a party objects to a subpoena under Rule 45, the subpoenaing party must justify its pursuit." *Wilson v. O'Brien*, No. 07 C 3994, 2009 WL 763785, at *7 (N.D. Ill. Mar. 20, 2009).

Courts have repeatedly held that subpoenas like those at issue here, which seek years of a party's calls recorded during incarceration, infringe on the party's privacy interests and should

4

be quashed. Because the City seeks a total of more than seven years of Plaintiffs' recorded calls based solely on pure speculation that the calls *could* contain relevant information, its subpoenas should be quashed.

### I. Plaintiffs Have Standing to Quash the Defendant City's Subpoenas

As a preliminary matter, Plaintiffs have standing to object to the production of seven years of their recorded, personal calls. *See, e.g., Simon v. Northwestern Univ.*, Case No. 1:15-cv-1433, 2017 WL 66818, at *2 (N.D. Ill. June 8, 2020). A party has standing to quash a subpoena directed to a non-party if the subpoena implicates the movant's personal or privacy interests or if he claims privilege over the information sought. *Special Markets Ins. Consultants, Inc. v. Lynch*, No. 11 C 9181, 2012 WL 1565348, at *1 (N.D. Ill. May 2, 2012); *HTG Capital Partners, LLC v. Doe(s)*, No. 15 C 02129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015) ("a non-recipient can object when she has a claim of privilege or when the subpoena implicates her privacy interests"). For standing purposes, the privacy interest can be minimal. *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012) ("Courts have found standing . . . even where the Movant's privacy interest is minimal at best."); *Simon*, 2017 WL 66818, at *2. Due to their wrongful imprisonment, for over two decades each Plaintiff had no choice but to have their phone calls with friends, family members and other loved ones recorded. These calls contain Plaintiffs' most intimate thoughts and interactions, as well as deeply personal and emotional conversations with close family and friends. In *Simon v. Northwestern University*, a wrongful conviction case similar to this one, the court explained the reality clearly:

> The production of every single phone call over the fifteen years Simon was incarcerated undoubtedly will yield details unrelated to the instant litigation. This court doubts, for example, Simon anticipated his remarks to a friend about the weather, slights uttered in a heated lover's quarrel, or any unrelated conversation ranging from the most benign topics (the former) to the most intimate (the later)

> would find its way as an exhibit in this lawsuit. Accordingly, Simon has standing to move to quash the subpoena.

2017 WL 66818 *2 (N.D. Ill. 2017).

Courts have repeatedly held in the prisoner phone call context that an individual possesses a sufficient privacy interest in the recordings such that he has standing to quash a subpoena for those recordings. *DeLeon*, 2020 WL 7059444 at *2; *Bishop v. White*, No. 16 C 6040, 2020 WL 6149567, at *3 (N.D. Ill. Oct. 20, 2020)); *Pursley v. City of Rockford*, Case No. 18 CV 50040, 2020 WL 1433827, at *2 (N.D. Ill. Mar. 24, 2020); *Simon*, 2017 WL 66818, at *2; *Coleman v. City of Peoria*, No. 15-CV-1100, 2016 WL 3974005, at *3 (C.D. Ill. July 22, 2016) (prisoners enjoy a privacy interest in their recorded phone calls since they would reasonably expect access to recordings of their calls to be limited to prison and public officers with a bona fide need for such access).

## II. Plaintiffs' Privacy Interests in Their Intimate Phone Calls Outweigh Any Speculative Relevance

Discovery is broad, but it does not countenance this type of dragnet fishing expedition. *See Jump*, 2015 WL 6558851, **2-3 (disallowing disclosure of extensive personal information to obtain minimal potentially relevant information); *Sokn v. Fieldcrest Cmty. Unit Sch. Dist.*, No. 10-1122, 2013 WL 84702, at *2 (C.D. Ill. Jan. 7, 2013) (breadth of relevancy concept does not allow "fishing expeditions"). Discovery of recorded calls requires a concrete, non-speculative showing of relevance and proportionality. *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 7059444, at *5 (N.D. Ill. Dec. 2, 2020); Fed. R. Civ. P. 26(b)(1). When a subpoena for phone call recordings "is directed to a third-party but implicates a different individual's privacy interests, courts weigh the relevance of the information sought against the strength of that privacy interest." *Bishop*, 2020 WL 6149567, at *4; *see also Simon*, 2017 WL 66818, at *3.

### A. The Subpoenas are Grossly Intrusive of Plaintiffs' Privacy Rights

The City's subpoenas seek more than 896 hours of Plaintiffs' recorded calls, which they made while they were incarcerated for a crime they did not commit. Such a request is inherently and grossly intrusive of Plaintiffs' privacy.

Because of their wrongful convictions and incarceration, Plaintiffs were deprived of the ability that every free person enjoys to hold personal conversations behind closed doors. Plaintiffs and their family, friends, and support networks were left without an alternative to monitored calls, although they assuredly would have preferred otherwise. Plaintiffs and their loved ones experienced significant and often sensitive life events while Plaintiffs were incarcerated. Plaintiffs' only option to discuss these matters and maintain their most important relationships were monitored calls. Moreover, although Plaintiffs were aware that their calls might be monitored for security purposes, they never imagined those calls would be heard by anyone other than security personnel.

Given this, Plaintiffs' decision to have conversations on recorded calls does not amount to a wholesale waiver of their privacy interests in those calls. Indeed, there can be no dispute that Plaintiffs retain privacy interests in their calls. *See City of Ontario, Cal. v. Quon*, 560 U.S. 746, 762 (2010) (employee may have an expectation of privacy in the content of communications sent over employer-issued pagers); *Pursley*, 2020 WL 1433827 at *2 ("While inmates would reasonably expect that their phone calls could be accessed by prison officials, they would not reasonably expect that the details of their recorded phone calls would be handed over to civil litigants."); *Bishop*, 2020 WL 6149567 at *3; *Simon*, 2017 WL 66818 at *2.

### B. Defendants Have Failed to Show that the Recordings Sought Contain Evidence Relevant to the Litigation

To overcome Plaintiffs' significant privacy interests in more than seven years of their recorded prison calls, the City must show the benefit of production outweighs the burden of compliance. *Simon*, 2017 WL 66818 at *3. Because it cannot do so, the subpoenas must be quashed.

During the parties' Rule 37 conference, defense counsel failed to identify any relevant information they believed would be contained in Plaintiffs' recorded calls. Plaintiffs' counsel repeatedly asked for some explanation of why and how the subpoenas sought relevant information and invited the Defendants to provide additional supporting information after the call, but they provided none. *See* Ex. E. Nor did they provide any response to Plaintiffs' email observing that Defendants failed to identify what purportedly relevant information they were seeking. *See id.* The only possible conclusion is that the City issued these subpoenas as part of a fishing expedition it hoped would uncover some unknown information to help Defendants' case. Such speculation cannot justify the invasion of Plaintiffs' privacy rights.

The City's position during the Rule 37.2 conference was that, because it had narrowed its subpoenas to seek Plaintiffs' calls for only limited periods of their incarceration, this was sufficient to justify a fishing expedition for some unspecified, possibly relevant information. This position is flawed for two reasons. First, Courts in this district have repeatedly held that speculation that relevant information will be found in a party's recorded prison calls is not sufficient to overcome the party's privacy interests in those calls. *See, e.g.*, *DeLeon*, 2020 WL 3050230 at *3 ("[T]he discovery party must offer more than speculation to trump an incarcerated person's privacy right in recordings of her telephone calls."); *Bishop*, 2020 WL 6149567, at *6 (similar). Second, a review of the City's subpoenas and the Plaintiffs' call logs show that the

8

City has not reasonably limited its subpoenas. The City seeks more than 896 hours of calls. Someone would have to listen to these calls 24/7 for more than 37 days to review them all. Or, if an employee dedicated the entirety of a 40-hour work week to reviewing the calls, it would take more than 22 weeks to complete the review.[4] This says nothing of the fact that, in this counsel's experience, these recordings are often poor quality and difficult to decipher, meaning that it takes repeat listens to understand what is being said. And Plaintiffs expect that the parties will soon receive the recordings of all Mr. Bigeck's calls from his incarceration, in response to the City's subpoena. The resources required to review the recorded calls sought by the City to date would be astronomical.

In addition to seeking an enormous volume of calls and failing to explain why their temporal limitations are targeted toward relevant information, the City has not identified any witnesses with whom it believes Plaintiffs may have had relevant conversations, or tried to limit the calls sought by call recipient. For each Plaintiff, Defendants are in possession of a PAN list: a report of Plaintiffs' prison call recipients, listing their names, phone numbers, addresses, and relationship to the relevant Plaintiff. The City could have used this information to narrow its requests if it had reason to believe that there would be relevant calls with specifically identified individuals. The City's failure to limit its request in this manner only highlights its failure to articulate what relevant information it believes the subpoenas will uncover.

Given that the City's subpoenas seek an incredible volume of calls based on mere speculation that some unspecified relevant information might be uncovered, the substantial intrusion into Plaintiffs' privacy rights cannot be justified.

---

[4] If all the calls sought in the City's subpoenas are produced, Plaintiffs' counsel will need to review each of them to determine if they have any marginal relevance to the case, and whether Defendants may attempt to use them to build their defense or in Plaintiffs' depositions.

WHEREFORE Plaintiffs respectfully request that the Court quash the City's subpoenas for their recorded prison calls.

## CERTIFICATE OF SERVICE

I, Megan Pierce, an attorney, certify that on May 8, 2023, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ *Megan Pierce*
*One of Plaintiffs' Attorneys*